UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE VAN WAGNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLNESS PET COMPANY, INC. and WELLPET LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Caroline Van Wagner ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Wellness Pet Company, Inc. and WellPet LLC (collectively, "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to the Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendants formulate, manufacture, advertise, and/or sell multiple types of pet food throughout the United States, including in New York. Defendants market its Products in a systematically misleading manner by misrepresenting that many of its products are "natural" (the "Products").[1]

2. Defendants clearly claim the Products are "natural" on the Products' label, capitalizing on the preference of health-conscious pet owners to purchase pet food that is free from synthetic ingredients. However, this representation is false and/or misleading because the Products contain multiple synthetic ingredients including but not limited to xanthan gum,

---

[1] The Products encompass all of Defendants' products that are marketed as "natural," but contain synthetic ingredients.

1

tricalcium phosphate, d-calcium pantothenate, and pyridoxine hydrochloride.

3. As a result of its deceptive conduct, Defendants violate state consumer protection statutes and have been unjustly enriched at the expense of consumers.

4. Plaintiff purchased Defendants' Products and, on behalf of herself and similarly situated purchasers, asserts claims for violations of New York General Business Law §§ 349 and 350, Mass. Gen. Laws Ch. 93A, *et seq.*, and for breach of express warranty.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendants.

6. This Court has personal jurisdiction over Defendants because a substantial portion of the events that gave rise to Plaintiff's claims occurred in New York.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

## PARTIES

8. Plaintiff Caroline Van Wagner is a citizen of New York who resides in Red Hook, New York. Ms. Wagner has purchased the Products for personal use at various times during the applicable statute of limitations. For example, in or around May 2024, Ms. Wagner purchased Wellness Shreds Healthy Indulgence With Skipjack Tuna & Shrimp in Light Sauce from Chewy.com, which shipped the Product to her home in Red Hook, New York. In purchasing the Product, Ms. Wagner relied on Defendants' false, misleading, and deceptive marketing of the Product as "natural." Ms. Wagner understood that "natural" meant that the Product did not

contain any synthetic ingredients, but in fact, the Product she purchased did contain multiple synthetic ingredients, including xanthan gum, tricalcium phosphate, d-calcium pantothenate, and pyridoxine hydrochloride. Had Ms. Wagner known that Defendants' "natural" representation was false and misleading, she would not have purchased the Product or would have only been willing to purchase the Product at a lesser price.

9. Defendant Wellness Pet Company, Inc. is a Delaware corporation with its principal place of business in Tewksbury, Massachusetts.

10. Defendant WellPet LLC is a Delaware corporation with its principal place of business in Tewksbury, Massachusetts.

11. Defendants advertise, market, manufacture, distribute, and sell the Products throughout the United States, including in the State of New York. Defendants manufactured, marketed, and sold the Products during the Class Period.

12. Each of the Defendants acted jointly to perpetrate the acts described herein. At all times relevant to the allegations in this matter, each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## **GENERAL ALLEGATIONS**

13. Defendants' labeling on the Products states that the Products are "natural."





14. The Products are sold in a variety of outlets, including Chewy.com, Amazon.com, Petco.com, and various other supermarkets and grocery stores.

15. Defendants' labeling and advertising puts forth a straightforward, material message: the Products contain only ingredients that are natural. Reasonable consumers would understand Defendants' labeling to mean that the Products contain only natural ingredients, and not any synthetic substances.

16. Although Defendants include "with added vitamins, minerals and taurine," to its labeling, a reasonable person would understand Defendants' claim to mean that the added vitamins, minerals and taurine are natural as well because the labeling claim does not specify that the added vitamins, minerals and taurine are synthetic. Regardless, some of the synthetic ingredients in the Products are not vitamins or minerals (such as xanthan gum), and so this phrase does nothing to detract from the falsity of Defendants' misrepresentations.

17. Defendants make natural claims in an effort to capitalize on the growing market for natural products. Health-conscious pet owners are willing to pay a price premium for products labeled and advertised as natural, believing Defendants' misrepresentations that the Products are natural and, accordingly, better and safer for their pet friends to consume than other non-natural products.

18. But the Products cannot be considered "natural" because they contain synthetic ingredients. Specifically, Defendants' Products contain the following non-exhaustive list of synthetic ingredients:

(a) ***Xanthan Gum.*** Xanthan gum is a thickening agent that, according to FDA regulations, is a synthetic substance. 7 C.F.R. § 205.605(b)(37). Xanthan gum is not "natural" but instead manufactured through fermentation or carbohydrates and

5

    subsequent treatment of the byproduct with isopropyl alcohol.

(b) *Pyridoxine hydrochloride.* Pyridoxine hydrochloride is synthetically created by treating pyridoxine with hydrochloride acid to form a salt compound.

(c) *Tricalcium phosphate.* Tricalcium phosphate, also known as tribasic calcium phosphate, is a synthetic substance according to FDA regulations. 7 C.F.R. § 205.605(b)(9). It is commonly known as calcium phosphate and is also used as an anti-caking agent.

(d) *D-calcium pantothenate.* D-calcium pantothenate, also known as calcium pantothenate, is a salt derived from the pantothenic acid and "is prepared synthetically from isobutyraldehyde and formaldehyde via 1,1-dimethyl-2-hydroxy-propionaldehyde and pantolactone." 21 C.F.R. § 184.1212(a).

19. No product labeled "natural" should contain any of these ingredients. Defendants have profited enormously from its false and misleading representation that the Products contain only natural products. The purpose of this action is to require Defendants to change their labeling claims and to provide consumers with monetary relief for its deceptive and misleading product claims.

## CLASS ACTION ALLEGATIONS

20. Plaintiff seeks to represent a class defined as all persons in the United States who, during the maximum period of time permitted by law, purchased Defendants' Products for personal, family, or household consumption, and not for resale (the "Nationwide Class").

21. Plaintiff also seeks to represent a subclass defined as all Class members who purchased the Products in New York (the "New York Subclass") (collectively with the Nationwide Class, the "Classes").

22. **Numerosity Fed. R. Civ. P. 23(a)(1).** Members of the Classes are so numerous

that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

23. **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2) and 23(b)(3)).** There is a well-defined community of interest in the questions of law and fact involved in this case. Common questions of law and fact that exist as to all Class members and predominate over questions affecting only individual Class members include, but are not limited to:

(a) the true nature and presence of synthetic ingredients in the Products;

(b) whether Defendants' marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive and misleading;

(c) whether Plaintiff and members of the Classes have suffered damages as a result of Defendants' actions, and the amount thereof; and

(d) whether Plaintiff and members of the Classes are entitled to attorneys' fees and costs.

24. **Typicality (Fed. R. Civ. P. 23(a)(3)).** The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing, purchased Defendants' Products, and suffered a loss as a result of those purchases.

25. **Adequacy (Fed. R. Civ. P. 23(a)(4)).** Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

26. **Superiority (Fed. R. Civ. P. 23(b)(3)).** The class mechanism is superior to other

available means for the fair and efficient adjudication of the claims of Class members.  Even if every member of the Classes could afford to pursue individual litigation, the court system could not.  Individualized litigation would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also increase the delay and expense to all parties and would present the potential for varying, inconsistent, or contradictory judgments—magnifying the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  In contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues would ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Plaintiff anticipates no difficulty in the management of this action as a class action.

**CAUSES OF ACTION**
**COUNT I**

**Violation of the New York General Business Law § 349**
**(On behalf of the New York Subclass)**

27. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

28. Plaintiff brings this cause of action on behalf of herself and members of the New York Subclass against Defendants.

29. Plaintiff and New York Subclass members are "persons" within the meaning of the GBL § 349(h).

30. Defendants are each a "person, firm, corporation or association or agent or employee thereof" within the meaning of GBL § 349(b).

31. Under GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce are unlawful."

32. Defendants made false and misleading statements by marketing the Products as "natural" when the Products in fact contained synthetic ingredients.

33. In doing so, Defendants engaged in deceptive acts or practices in violation of GBL § 349.

34. Defendants' deceptive acts or practices were materially misleading. Defendants' conduct was likely to and did deceive reasonable consumers, including Plaintiff, about the quality of the Products, as discussed throughout.

35. Plaintiff and New York Subclass members were unaware of, and lacked a reasonable means of discovering, the material facts that Defendants withheld.

36. Defendants' actions set forth above occurred in the conduct of trade or commerce.

37. The foregoing deceptive acts and practices were directed at consumers.

38. Defendants' misleading conduct concerns widely purchased consumer products and affects the public interest. Defendants' conduct includes unfair and misleading acts or practices that have the capacity to deceive consumers and are harmful to the public at large. Defendants' conduct is misleading in a material way because they fundamentally misrepresent the production and quality of the Products.

39. Plaintiff and New York Subclass members suffered ascertainable loss as a direct and proximate result of Defendants' GBL violations in that: (i) they would not have purchased the Products had they known the truth; and (ii) they overpaid for the Products on account of the misrepresentations and omissions, as described herein. As a result, Plaintiff and New York Subclass members have been damaged either in the full amount of the purchase price of the

Products or in the difference in value between the Products as warranted (completely "natural") and the Products as actually sold (containing one or more synthetic ingredients).

40. On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin Defendants' unlawful acts and practices described herein, to recover actual damages or $50, whichever is greater, reasonable attorney's fees and costs, and any other just and proper relief available under GBL § 349.

## COUNT II

### Violation of the New York General Business Law § 350
### (On behalf of the New York Subclass)

41. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

42. Plaintiff brings this cause of action on behalf of herself and members of the New York Subclass against Defendants.

43. GBL § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

44. Defendants' labeling and advertisement of the Products was false and misleading in a material way. Specifically, Defendants advertised the Products as "natural" when in fact the Products contain synthetic ingredients.

45. Plaintiff understood Defendants' misrepresentations to mean that the Products in fact were "natural" and contained no synthetic ingredients as reasonable consumers understand the term.

46. This misrepresentation was consumer-oriented and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

47. This misrepresentation has resulted in consumer injury or harm to the public

interest.

48. As a result of this misrepresentation, Plaintiff and New York Subclass members have suffered economic injury because: (i) they would not have purchased the Product had they known the truth; and (ii) they overpaid for the Products on account of the misrepresentations and omissions, as described herein. As a result, Plaintiff and New York Subclass members have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted (completely "natural") and the Products as actually sold (containing one or more synthetic ingredients).

49. By reason of the foregoing and as a result of Defendants' conduct, Plaintiff and New York Subclass members seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, reasonable attorneys' fees and costs, and any other just and proper relief available under GBL § 350.

## COUNT III

**Breach of Express Warranty**
**(On behalf of the Nationwide Class and the New York Subclass)**

50. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

52. Defendants, as the producers, marketers, distributors, and/or sellers, expressly warranted that the Products have only "natural" ingredients.

53. Defendants' representations and warranties were part of the description of the goods and the bargain upon which the Products were offered for sale and purchased by Plaintiff

11

and members of the Classes.

54. However, the Products do not conform to Defendants' representations and warranties because the Products contain multiple synthetic ingredients. By falsely representing the Products in this way, Defendants breached express warranties.

55. As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and members of the Classes have been injured and harmed in an amount to be proven at trial. Had Plaintiff and members of the Classes known the Products were not in fact "natural," they would not have purchased the Products, or would have paid substantially less for them.

56. Prior to filing the initial complaint in this action, Defendants were served via certified mail with a pre-suit notice letter on behalf of Plaintiff that complied in all respects with U.C.C. §§ 2-313 and 2-607.

### COUNT IV

**Violation of the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, *et seq*.**
**(On behalf of the Nationwide Class and the New York Subclass)**

57. Plaintiff incorporates by reference and re-allege each and every allegation set forth above as though fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

59. Section 2 of Chapter 93—the Massachusetts Unfair and Deceptive Business Practices Act ("MUDBPA")—prevents the use of "unfair or deceptive acts or practices in the conduct of any trade or commerce." An act is "deceptive" under Chapter 93A "if it could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." Tagliente v. Himmer, 949 F.2d 1, 7 (1st Cir. 1991).

60. Section 9 provides: "Any person … who has been injured by another person's use

or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper … Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons."

61. Pursuant to the definitions codified at Chapter 93A § 1, Defendants are each a "person," and Defendants are engaged in "trade" and "commerce" in Massachusetts by offering for sale Products that directly or indirectly affect the people of Massachusetts. Additionally, Defendants' principal place of business is in Massachusetts.

62. By engaging in the acts and omissions alleged above and incorporated herein, Defendants have engaged and continue to engage in unfair or deceptive acts or practices in the conduct of trade or commerce.

63. Defendants' misrepresentations deceive and have a tendency to deceive a reasonable consumer and the general public.

64. Defendants' acts and omissions are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

65. Defendants' conduct is also misleading in a material way by representing on the packaging of the Products that they are "natural." Despite that representation, however, the Products contain artificial ingredients.

66. Plaintiff and members of the Classes suffered an economic injury because they

would not have purchased or would have paid less for the Products had they known the veracity of Defendants' misrepresentations.

67. Mass. Gen. Laws Ch. 93A, et seq. represents a fundamental public policy of the Commonwealth of Massachusetts.

68. For each loss, Plaintiff and each member of the Classes may recover an award of actual damages or twenty-five dollars, whichever is greater. Ch. 93A § 9(3).

69. Because Defendants acted willfully or knowingly, Plaintiff and each member of the Classes may recover up to three but not less than two times this amount. In addition, Plaintiff may recover attorneys' fees and costs.

70. Plaintiff and the members of the Classes may also pray for the imposition of injunctive relief which limits and polices Defendants' representations within or reaching Massachusetts. The balance of the equities favors the entry of permanent injunctive relief against Defendants. Plaintiff, members of the Classes, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiff, members of the Classes, and the general public lack an adequate remedy at law. A permanent injunction against Defendants is in the public interest. Defendants' unlawful behavior is capable of repetition or re-occurrence absent the entry of a permanent injunction.

71. On October 22, 2024, in accordance with Mass. Gen. Laws Ch. 93A, § 9(3), Plaintiff's counsel served Defendants with written notice that reasonably described the unfair or deceptive acts or practices described herein.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Nationwide Class and the New York Subclass under

Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Nationwide Class and the New York Subclass, and naming Plaintiff's attorneys as Class Counsel to represent the Nationwide Class and New York Subclass;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For an order finding in favor of Plaintiff, the Nationwide Class, and the New York Subclass on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: November 22, 2024         **BURSOR & FISHER, P.A.**

By: */s/ Joshua D. Arisohn*
         Joshua D. Arisohn

Joshua D. Arisohn
Julian C. Diamond
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com
         jdiamond@bursor.com

*Attorneys for Plaintiff*

15